# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| BELINDA F. NORWOOD, | ) | Case No. 2:17-cv-00483-MMD-NJK |
| Plaintiff(s), | ) | ORDER |
| vs. | ) | |
| MEDSOURCE MANAGEMENT GROUP, LLC, | ) | |
| Defendant(s). | ) | |

Plaintiff Belinda F. Norwood, proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and submitted a complaint on February 15, 2017. Docket Nos. 1, 1-1.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915 showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, the Court additionally screens the complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When the Court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**A.    Background**

Plaintiff alleges that she was terminated from her employment because of her disabilities and age. Docket No. 1-1 at 2. Though Plaintiff does not allege specific laws under which these claims fall, Plaintiff most likely alleges claims under the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). In addition to failing to allege specific laws, Plaintiff fails to provide sufficient details about her claims, including whether she exhausted her administrative remedies before filing an action in this Court. *Id.* at 2-4.

**B.    Legal Analysis**

<u>i</u>    <u>ADA</u>

Title I of the ADA "prohibits an employer from discriminating against a qualified individual

with a disability because of the disability." *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (internal quotations and citation omitted). "Title I requires an employee first to file a charge with the EEOC in a timely manner." *Zimmerman v. Oregon Dept of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999) (internal citation omitted).

Here, Plaintiff has failed to allege that she exhausted her administrative remedies. *See* Docket No. 1-1. The Court therefore cannot determine whether it is proper for this Court to hear her ADA claim. Additionally, even if Plaintiff has exhausted her administrative remedies, she has also failed to state a claim. To state a prima facie case of discrimination under Title I of the ADA, an individual "must show that (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual, meaning she can perform the essential functions of her job; and (3) [her employer] terminated her because of her disability." *Nunes*, 164 F.3d at 1246 (internal citation omitted).

ii.    ADEA

Under the Age Discrimination in Employment Act ("ADEA"), it is unlawful for an employer "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). "A private . . . employee who believes [s]he has been discriminated against on the basis of age must file a complaint with the [Equal Employment Opportunity Commission, or "EEOC"] within 180 days of the alleged discrimination, or 300 days in a deferral state. The employee may not file a civil action in district court until 60 days after filing the charge with the EEOC." *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007) (internal citation omitted).

Here, again, Plaintiff has failed to allege that she exhausted her administrative remedies. *See* Docket No. 1-1. The Court therefore cannot determine whether it is proper for this Court to hear her ADEA claim. Additionally, even if Plaintiff has exhausted her administrative remedies, she has also failed to state a claim. To establish a prima facie case of discrimination under the ADEA, "a plaintiff must allege in her complaint that: (1) she was at least forty years old; (2) she was performing her job satisfactorily; (3) discharged; and (4) either replaced by a substantially younger employee

3

with equal or inferior qualifications *or* discharged under circumstances otherwise giving rise to an inference of age discrimination." *Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1049 (9th Cir. 2012). Regarding the third requirement for a *prima facie* showing of age discrimination, a plaintiff may alternatively show direct, rather than circumstantial, evidence of discrimination. *Id.*

If Plaintiff amends her complaint, Plaintiff must, in addition to showing that she exhausted her administrative remedies, establish a *prima facie* case for at least one of her claims.

### C. Conclusion

Therefore, for the reasons stated above, the Court dismisses Plaintiff's complaint, with leave to amend, if Plaintiff believes she can correct the deficiencies in the complaint.

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the complaint.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED**, with leave to amend. Plaintiff will have until **March 20, 2017**, to file an amended complaint, if Plaintiff believes she can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, she is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires an amended complaint to be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this order will result in the recommended dismissal of this case, without prejudice.

IT IS SO ORDERED.

Dated: February 17, 2017

NANCY J. KOPPE
United States Magistrate Judge