UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BELINDA F. NORWOOD, | ) |
| Plaintiff(s), | ) Case No. 2:17-cv-00483-MMD-NJK |
| v. | ) ORDER |
| MEDSOURCE MANAGEMENT GROUP, LLC, | ) |
| Defendant(s). | ) |

Pursuant to 28 U.S.C. § 1915, the Court screened Plaintiff's complaint on February 17, 2017. Docket No. 3. The Court found that Plaintiff failed to state a claim and failed to allege that she had exhausted her administrative remedies. Docket No. 3. To the extent she could cure those deficiencies, the Court ordered Plaintiff to file an amended complaint by March 20, 2017. *Id.* Plaintiff failed to file an amended complaint by that date. As a result, the undersigned recommended that this case be dismissed without prejudice on June 23, 2017. Docket No. 5. Plaintiff has now filed an amended complaint. Docket No. 5. In light of Plaintiff's filing that amended complaint, the undersigned **WITHDRAWS** the report and recommendation. Nonetheless, the Court cautions Plaintiff that she must comply with Court orders as this case moves forward, and that failing to do so may result in the imposition of sanctions, up to and including case-dispositive sanctions.

Turning to Plaintiff's amended complaint, the Court finds that it suffices to survive the screening process. First, Plaintiff alleges that she exhausted her administrative remedies and received a right to sue letter. *See* Docket No. 6 at ¶ 10. Second, Plaintiff has stated a claim for at

least FMLA interference. To state a claim for FMLA interference, a plaintiff must show "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided notice of his intent to take leave, and (5) his employer denied him [his rightful] benefits." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014). Plaintiff has alleged each of these elements. *See* Docket No. 6 at ¶ 15. Accordingly, Plaintiff has stated a claim for FMLA retaliation.[1]

Based on the foregoing and good cause appearing, therefore, **IT IS ORDERED** that:

1. The Clerk of the Court shall issue summons to Defendant and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether Defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

Dated: July 13, 2017

　　　　　　　　　　　　　　　　　　　　　　　　
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Because Plaintiff states a claim as to FMLA interference, the Court declines to further screen her amended complaint. *See, e.g.*, *Bem v. Clark County School Dist.*, 2015 WL 300373, at *3 n.1. (D. Nev. Jan. 21, 2015). Nothing herein precludes Defendant from filing a motion to dismiss as to any claim brought by Plaintiff. *See, e.g., id.*